AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
District of Delaware

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. 25 - **647M** |
| | ) | |
| | ) | |
| Luqmaan Khan | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | | |



FILED

NOV 26 2025

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____November 25, 2025_____ in the county of _____New Castle_____ in the
_____ District of _____Delaware_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(o) | Possession of a Machinegun |
| 26 U.S.C. § 5861(d) | Possession of a Firearm Without Registration in the National Firearms Registration and Transfer Record ("NFRTR") |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.



/s/ Jared Adams
*Complainant's signature*

SA Jared Adams, FBI
*Printed name and title*

Sworn to before me over the telephone and signed by me pursuant to Fed R. Crim. P.4.1 and 4(d).

Date: 11/26/2025

_____
*Judge's signature*

City and state: _____Wilmington, DE_____     Honorable Eleanor G. Tennyson U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Jared Adams, a Special Agent with the Federal Bureau of Investigation ("FBI"), being duly sworn, declare and state as follows:

## BACKGROUND

1. I am a Special Agent with the Federal Bureau of Investigation and have been since April 2022. I am currently assigned to the Baltimore Joint Terrorism Task Force and the Delaware Joint Terrorism Task Force, where I am currently assigned. During my tenure with the FBI, I have gained experience investigating federal criminal violations including international and domestic terrorism and firearm violations. I have received training and have gained experience in interviewing and interrogation techniques, arrest procedures, search warrant applications, the execution of search and seizures, computer evidence identification, computer evidence seizures and processing, social media analysis, and various other criminal laws and procedures.

2. This affidavit is in support of a criminal complaint against Luqmaan Khan ("KHAN") charging him with one count of Possession of a Machinegun, in violation of 18 U.S.C. § 922(o), and one count of Possession of a Firearm Without Registration in the National Firearms Registration and Transfer Record ("NFRTR"), in violation of 26 U.S.C. § 5861(d).

3. The facts set forth in this affidavit are based upon my personal knowledge obtained during my participation in this investigation, review of documents, knowledge obtained from other individuals including law enforcement personnel, and communications with others who have personal knowledge of the events and circumstances described herein.

4. Because this affidavit is submitted for the limited purpose of establishing probable cause for a complaint, this affidavit does not set forth each and every fact learned by me or other agents during the course of this investigation.

1

## Background on MCDs

5. Each MCD is assembled using three separate components, images of which are shown separately and assembled below:[1]



6. Each individual piece of the MCD, and each fully constructed MCD is small enough to fit within a person's pocket.

7. In addition, the ATF Firearms and Technology Branch has confirmed that the piece, "leg", denoted with a red arrow above, constitutes an MCD on its own.

8. Machinegun possession is regulated by both the Gun Control Act ("GCA"), *see* 18 U.S.C. § 922(0), and the National Firearms Act ("NFA"), *see* 26 U.S.C. § 5845(b). Both define "machinegun" as "any part designed and intended solely and exclusively ... for use in converting a weapon into a machinegun." 26 U.S.C. § 5845(b); *see* 18 U.S.C. § 921(a)(23) (referencing the NFA definition of a machinegun for purpose of the GCA). Based upon my training, experience, and discussions with other federal agents related to the investigation of international import related NFA violations, I know of conversion devices that have been designed and created for the sole purpose of converting semi-automatic Glock pistols into fully automatic machineguns. These devices vary by design and appearance but all, when properly installed on a semi-automatic Glock

---

[1] These images are not of the MCDs seized in this investigation.

pistol, will allow the firearm to expel more than one projectile by a single pull of the trigger, at a rate of approximately 1,200 rounds per minute. Installation of these conversion devices is fast and simple, requires no technical expertise, and is completed by simply removing the polymer slide cover plate on a Glock semi-automatic pistol and replacing it with a conversion device.

9. Based upon my training, experience, and discussions with other federal agents, I know that ATF considers MCDs as, "post-May 19, 1986, machineguns." In other words, these devices are "machineguns" as defined in Title 26 U.S.C. § 5845(b) and Title 18 U.S.C. § 921(a)(23). Apart from official military and law enforcement use, MCDs may only be lawfully possessed by Federal Firearms Licensees who have paid the appropriate Special Occupational Tax required of those manufacturing, importing, or dealing in NFA weapons. Therefore, MCDs are considered machineguns under both the GCA and the NFA. With narrow exceptions, individuals are prohibited from owning machineguns, including MCDs. *See* 18 U.S.C. § 922(o).

## PROBABLE CAUSE

### Car Stop of Khan

10. On November 24, 2025, New Castle County Police Department ("NCCPD") police officers were on patrol in the parkland surrounding Canby Park West (2025 Maryland Avenue, Wilmington, Delaware). While in the parkland, the officers observed a 2007 Toyota Tacoma ("the Toyota") parked in the back of the parkland which, given the time of night, approximately 11:45pm, was suspicious as the park was closed.

11. Given the park was closed after dark, police conducted a stop on the Toyota. While conducting the stop, KHAN, who was the sole occupant of the vehicle, was visibly nervous – avoiding eye contact with law enforcement, and reaching in the same location multiple times. KHAN continued to reach around the Toyota, and did not comply with officers' commands to

3

stop. At this time, law enforcement ordered KHAN to exit the Toyota, to which he continued to fail to comply.

12.     Ultimately, KHAN was detained after resisting the officers. After being taken into custody, the Toyota was processed for an inventory search since it was going to be towed. On the front passenger seat, law enforcement recovered a black backpack. Inside the backpack, immediately noticeable to officers, was a .357 caliber Glock handgun, inserted into a microplastic conversion firearm brace kit.[2] Your affiant is aware that this type of conversion kit is used to transform a standard handgun into a sturdier shoulder-fired, sub-machine gun-like platform. This kit can also be easily concealed by collapsing its stock. Your affiant is aware these kits are used to provide a shooter with more stability when firing a weapon system.

13.     The Glock handgun was fully inserted into the conversion kit and loaded with a twenty-seven (27) round magazine. Additionally, another fully loaded 27 round magazine was observed secured in the front storage slot of the conversion kit. Also in the vehicle, another two loaded, 27-round magazines were recovered along with a loaded Glock 9mm magazine with 14 rounds. The 9mm magazine does not fit into the .40 caliber Glock that was recovered. In total, four (4) loaded 27-round magazines and one (1) loaded 9mm magazine with fourteen rounds were recovered, along with the firearm and conversion kit.

14.     Also recovered from the vehicle was an armored ballistic plate and a marble composition notebook – which is described more below.

### Marble Composition Notebook

15.     The marble composition notebook was filled with handwritten notes. The notes

---

[2] Although a Glock .357, the barrel had been removed and replaced with a .40 caliber barrel and will be referenced as a .40 caliber Glock herein.

suggest that KHAN has additional weapons beyond the seized .357 caliber Glock handgun and plans to use them for an attack. For example, one page, a photo of which is included below, names multiple types of firearms and details about their performance, including shooting ranges:

URBAN WARFARE SETUPS USA

WEAPONS: - AR 556 THERMAL/RED DOT
- + 25 YARDS, 50 YARDS, 100 YARDS+    50 - 100 - 300 - 500 YARDS
- OPEN SPACES/GROUND/LONG RANGE
- LONG RANGE AMBUSHES/FLANKS/DEFENSES
- OPEN SPACE FOR LONG BARREL
- RETREAT to AR 556 OPEN GROUND
- GLOCK MICRO RONI RED DOT
- 0-50 YARDS, UP to 60 YARDS

- TIGHT SPACES, BACKPACK, CONCEALED, CQB
- VEHICLE OPERATIONAL
- CLOSE to MEDIUM RANGE - 0-40-60 YARDS
- BUILDING/ROOMS/WARFARE
- BACKPACK TRANSITION
- GLOCK HANDGUN
- FAST TRANSITION FIGHTING & REACTION FIGHTING
- 0-25-36 YARDS

- TIGHT SPACES, ROOMS
- BACKUP RELOAD
- TEAR GAS, FLASHBANG
- ROOM CLEARING
- ENEMY MOVE/BLINDED
- STUN GRENADES
- BLINDING & KILL
- TAZER
- APPREHEND w/o KILL
- STEAL WEAPONS & VEHICLES
- SWORD/KNIFE
- NO NOISE KILLS / NO GUNSHOTS

ARMOR:
- BODY ARMOR CHEST/BACK/SIDE
- RIOT SHIELD BULLETPROOF
- ESCAPE HOT AREAS to TRAP/CONGESTION AREAS
- DEFEND & SHOOT vs NON RIOT SHIELD
- GAS MASK
- GAS PRONE ROOMS, GAS DEFENSE
- ENVIRONMENT
- TREES
- VEHICLES
- DITCHES
- BUILDINGS RESIDENTIAL / INFRASTURE
- CIVILIAN HEAVY AREAS

16.     The notebook also includes plans to avoid law enforcement detection, including a section titled "Deceptions --> Setups" with the following list:

Multiple attacks directions
Feints
Ambushes
Illusions
Distraction attacks 1, 2, 3, 4
Wrong informations [sic]
Surprise attacks unaware/unready

17.     The notebook also includes other tactics to avoid detection. Another section reads, "As protocol . . . License plates, steal one same model - switch plates after x2[.]" The following list appears on the same page:

Vehicle concealment
Change color
Switch vehicles & switch plates x2 plates
Out of state location
Nighttime
Quite cars - suppressors
Loud bikes - guns
Outfit (never show skin)
Avoid cameras as much as possible

18.     The notebook also references plans to use his weapons for violence. Another section of the notebook includes the phrases "Battle Efficiency: Kill all - martyrdom, all combatents [sic]" and "Secure land/resources/vantage points[.]"

19.     The notebook also names a specific target, herein referenced as Victim 1, who is a member of the University of Delaware's Campus Police. The notebook also includes a drawing which appears to be a layout of a University of Delaware building, along with notes about entry and exit points and times of day. A photo of the drawing is below.

6



20.     From this, your affiant has concluded that (a) KHAN amassed weapons beyond those recovered from his vehicle; (b) KHAN planned in advance to subvert law enforcement detection through the use of "suppressors" - items which must be registered under the National Firearms Act; (c) KHAN planned in advance to subvert law enforcement detection; and (d) KHAN intended to use the weapons he amassed to commit "ambushes" and "surprise attacks" on targets including Victim 1 at the University of Delaware.

### Interview

21.     After his arrest, KHAN was interviewed by the FBI. During his interview, KHAN admitted to the following:

    a.  KHAN owns a Glock 32, consistent with the recovered firearm. KHAN originally

7

purchased the firearm configured as a .357 caliber. However, KHAN purchased a 40-caliber barrel online to convert the Glock 32 to a "quieter" weapon.

b. KHAN acknowledged that magazines were recovered from his vehicle but did not confirm that they were extended magazines, nor did he explicitly admit the magazines were his.

c. KHAN stated he lived alone.

d. KHAN stated becoming a martyr was "one of the greatest things you can do" and was "a goal" of his (as referenced above, rhetoric about martyrdom appears repeatedly in his notebook).

**Search of KHAN's Residence**

22. Law enforcement identified KHAN's residence as 310 South Van Buren Street, Wilmington, Delaware, based on New Castle County property records and a law enforcement database (hereinafter, "KHAN's Residence"). On November 25, 2025, the Honorable Eleanor G. Tennyson, United States Magistrate Judge for the District of Delaware, signed a warrant to search KHAN's Residence. Law enforcement officers executed the warrant that same day.

23. Inside KHAN's Residence, law enforcement recovered a Machinegun Conversion Device attached to a Glock 19 Gen 5 9mm. This is the firearm which constitutes a machinegun and which should have been, but was not, registered under the NFRTR.

24. Law enforcement also recovered a .556 rifle with a scope and a red dot sight. Law enforcement also recovered approximately ten extended magazines and numerous hollow point pistol rounds. They also recovered a .357 barrel which fits the Glock 32 recovered from the Toyota.

25. Law enforcement also recovered a plate carrier tactical vest with one ballistic plate

inserted into the vest. The vest was consistent with the second ballistic plate found in the backpack in KHAN's Toyota.

**Information on Firearms and KHAN**

26. Criminal record checks on KHAN revealed that he has no prior convictions in the United States. KHAN was born in Pakistan but moved to the United States in his youth and is a United States citizen.

27. The Bureau of Alcohol, Tobacco, Firearms and Explosives ran an inquiry into weapons possessed by KHAN. As of this application KHAN is known to have purchased: 1) Sons of Liberty M4 .556 rifle (S/N 1776-153872);[3] 2) Glock 19 Gen 5 9mm (S/N CDKC462);[4] and 3) Glock 32 .357 Sig (S/N CCVB017).[5]

28. A query of the NFRTR on November 25, 2025, showed that KHAN does not have any weapons registered to him on the NFRTR.[6]

**Conclusion**

29. Based on the foregoing, there is probable cause to believe that KHAN possessed a "Machinegun" pursuant to 18 U.S.C. § 922(o) and 26 U.S.C. § 5861(d), namely, the Machinegun Conversion Device attached to a Glock 19 Gen 5 9mm recovered from KHAN's Residence which was not registered in the NFRTR. Your affiant based this opinion on the following: 1) The MCD attached to the Glock was found in KHAN's Residence, where KHAN admitted he lives alone; 2) KHAN's Residence contained two firearms which ATF Forms 4473 confirmed were purchased by

---

[3] This firearm was recovered from the Residence.

[4] This firearm was recovered from the Residence.

[5] This firearm was recovered from the Toyota.

[6] I know through my training and experience that silencers are regulated under the National Firearms Act of 1934 and Gun Control Act of 1968. Under these acts, all such weapons must be approved for production by ATF prior to manufacture, must be marked with information to include make, model, and serial number, and must be registered with ATF as reflected in the NFRTR.

KHAN – including the Glock 19 Gen 5 9mm attached to the MCD; 3) the firearms recovered from KHAN's Residence, including the MCD attached to the Glock, are consistent with the list of "weapons" found in KHAN's notebook; 4) the firearms recovered from KHAN's Residence are also consistent with KHAN's desire for violence articulated in his notebook ("Kill all – martyrdom") and in his post-arrest interview (becoming a "martyr" is "one of the greatest things you can do").

30.     WHEREFORE, based on the foregoing facts, I submit that there is probable cause to believe that Luqmaan KHAN has violated 18 U.S.C. § 922(o) (Possession of a Machinegun) and 26 U.S.C. § 58619d) (Possession of a Firearm Without Registration in the National Firearms Registration and Transfer Record).  Therefore, I respectfully request that the Court issue a Criminal Complaint charging him with those offenses.

Respectfully Submitted,

/s/ Jared Adams

Special Agent Jared Adams
Federal Bureau of Investigation

This affidavit was sworn to by the affiant
by telephone after a PDF was transmitted
by email, per Federal Rule of Criminal
Procedure 4.1, 41(d)(3), this
___26th___ day of November, 2025

The Honorable Eleanor G. Tennyson
United States Magistrate Judge

10